FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| BERNE CORP. and B & B CORP., TWENTY-ONE QUEENS QUARTER, INC., MILLER PROPERTIES, INC., EQUIVEST ST. THOMAS, INC., ROBERT SCHMIDT, KIM HOLDSWORTH, ROBERT SCHMIDT DEVELOPMENT CORP., and DORI P. DERR, THE CYRIL V. FRANCOIS ASSOCIATES, LLC, SHELL SEEKERS, INC., CHARLES W. CONSOLVO, LINDA B. CONSOLVO, SNEGLE GADE ASSOCIATES LP, CHARLES W. CONSOLVO as Trustee of the YVETTE B. LEDERBERG TRUST, ARTHUR B. CHOATE, STEWART LOVELAND, and STACY LOVELAND, ELIZABETH SHARP, LINDON CORP., and GORDON L. COFFELT, <br><br>        Plaintiffs,<br><br>        v.<br><br>GOVERNMENT OF THE VIRGIN ISLANDS, ROY MARTIN, in his official capacity as Tax Assessor, and the Board of Tax Review,<br><br>        Defendants. | Civil Nos. 2000-141<br>2000-167<br>2001-151<br>2001-155<br>2001-181<br>2001-196<br>2001-197<br>2001-228<br>2002-057 |

**ATTORNEYS:**

**James M. Derr, Esq.**
St. Thomas, U.S.V.I.
    *For plaintiffs Berne Corp., B & B Corp., Miller Properties, Inc., Robert Schmidt, Robert Schmidt Development Corp., Kim Holdsworth, Dori P. Derr, Shell Seekers, Inc., Charles W. Consolvo, Linda B. Consolvo, Snegle Gade Associates, LP, Charles W. Consolvo as Trustee of the Yvette B. Lederberg Trust, Arthur B. Choate, Stewart Loveland, Stacy Loveland, and Elizabeth Sharp.*

**Chad C. Messier, Esq.**
St. Thomas, U.S.V.I.
*For plaintiff Equivest St. Thomas, Inc.*

**Soraya Diase-Coffelt, Esq.**
St. Thomas, U.S.V.I.
*For plaintiffs Lindon Corp. and Gordon L. Coffelt.*

**David A. Bornn, Esq.**
St. Thomas, U.S.V.I.
*For plaintiffs The Cyril V. Francois Associates, LLC and Twenty-One Queens Quarter, Inc.*

**Carol Thomas-Jacobs, Esq.**
St. Thomas, U.S.V.I.
*For the defendants.*

## MEMORANDUM AND ORDER

**GÓMEZ, C.J.**

This matter is before the Court for a determination of an appropriate award of attorney's fees for the various commercial property owners who are the plaintiffs in this matter (together, the "Plaintiffs"). Because the Court writes primarily for the parties, only a brief recitation of the factual and procedural history of these proceedings is required.

In May 2003, this Court enjoined the defendants, the Government of the Virgin Islands; Roy Martin, in his official capacity as Tax Assessor; and the Board of Tax Review (together, the "Government"), from assessing any and all real property in

the Virgin Islands until certain conditions were met (the "May 2003 Decree"). In December 2007, the Government moved to vacate the May 2003 Decree, asserting that those conditions had been met. In August 2008, before the Court ruled on the Government's motion, the Government informed the Court via an "Informative Notice" that it would begin issuing property tax bills notwithstanding the May 2003 Decree. In September 2008, the Court held a show-cause hearing to determine whether the Government was in violation of the May 2003 Decree.

On September 11, 2008, the Court partially vacated the May 2003 Decree. On that same day, the Court found the Government in contempt for violating the May 2003 Decree. The Court ordered the Government to rescind all property tax bills and stated that the Plaintiffs would be entitled to an award of reasonable attorney's fees and costs. On September 12, 2008, the Defendants appealed both September 11, 2008, rulings.

While this matter was on appeal, the Plaintiffs filed motions for attorney's fees in accordance with the Court's September 11, 2008, contempt ruling. Those motions are pending.

On June 16, 2009, the United States Court of Appeals for the Third Circuit affirmed both September 11, 2008, rulings in all

respects.[1]

With respect to the fees incurred in connection with the contempt proceedings, Berne Corp., B & B Corp., Miller Properties, Inc., Robert Schmidt, Robert Schmidt Development Corp., Kim Holdsworth, Dori P. Derr, Shell Seekers, Inc., Charles W. Consolvo, Linda B. Consolvo, Snegle Gade Associates, LP, Charles W. Consolvo as Trustee of the Yvette B. Lederberg Trust, Arthur B. Choate, Stewart Loveland, Stacy Loveland, and Elizabeth Sharp (the "Berne Plaintiffs") seek recovery of $11,550. Equivest St. Thomas, Inc. ("Equivest") requests $11,977 in fees. The Cyril V. Francois Associates, LLC and Twenty-One Queens Quarter, Inc. (the "Francois Plaintiffs") request $9,000 apiece for a total of $18,000. Lindon Corp. and Gordon L. Coffelt (the "Lindon Plaintiffs") ask for $4,037.50.

The Government opposes the Plaintiffs' fee requests. It argues that the requests are "excessive, exorbitant, unreasonable, and punitive and would amount to a windfall." (Defs.' Br. Opp'n Pls.' Application Award of Fees and Costs 3.) The Government highlights several items it believes should be

---

[1] On June 24, 2009, the Plaintiffs filed additional affidavits in support of their requests for attorney's fees and costs incurred in connection with proceedings before the Third Circuit. The Court will address those requests in a separate ruling.

excluded from the fee award.

"[A]ttorneys' fee awards are remedial and designed to compensate complainants for losses incurred as a result of [a] contemnors' violations[.]" *Robin Woods Inc. v. Woods*, 28 F.3d 396, 401 (3d Cir. 1994) (internal quotation marks and citations omitted). Thus, a district court has the authority to order a contemnor to compensate a party for its "time and expense . . . incurred in enforcing" a court order. *Id.; see also Ranco Industrial Products Corp. v. Dunlap*, 776 F.2d 1135, 1139 (3d Cir. 1985) ("Attorneys' fees and expenses certainly may be awarded for the prosecution of a willful civil contempt." (citations omitted)).

Although the fees in this matter are not necessarily sought by a "prevailing party," as that phrase is defined in the Virgin Islands' fee-shifting statute, that statute offers useful guidance in determining an appropriate award of fees under the circumstances presented here.

Virgin Islands law allows for the recovery of the following fees and expenses:

    (1) Fees of officers, witnesses, and jurors;
    (2) Necessary expenses of taking depositions which were
    reasonably necessary in the action;
    (3) Expenses of publication of the summons or notices,
    and the postage when they are served by mail;
    (4) Compensation of a master as provided in Rule 53 of
    the Federal Rules of Civil Procedure;

>   (5) Necessary expense of copying any public record, book, or document used as evidence in the trial; and
>   (6) Attorney's fees as provided in subsection (b) of this section.

V.I. CODE ANN. tit. 5, § 541(a). The statute further provides that "there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto . . . ." *Id.* at (b).

"For work to be included in the calculation of reasonable attorneys' fees, the work must be 'useful and of a type ordinarily necessary' to secure the final result obtained from the litigation." *Planned Parenthood v. AG*, 297 F.3d 253, 266 (3d Cir. 2002) (quoting *Pennsylvania v. Del. Valley Citizens' Council*, 478 U.S. 546, 561 (1986)); *see also Gulfstream III Associates, Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 420 (3d Cir. 1993) (noting that reasonable attorney's fees may include charges for measures necessary to enforce district court judgments as well as other charges "reasonably expended" to advance the litigation). To that end, the Court considers "the time and labor required, the novelty and difficulty of the questions involved, the skill requisite properly to conduct the cause, the customary charges of the bar for similar services, the amount involved in the controversy, the benefits resulting to the

client from the services, and the contingency or certainty of the compensation." *Lucerne Inv. Co. v. Estate Belvedere, Inc.*, 411 F.2d 1205, 1207 (3d Cir. 1969). A fee award decision rests in the sound discretion of the court. *See Jo-Ann's Launder Ctr., Inc. v. Chase Manhattan Bank*, 31 V.I. 226, 234 (D.V.I. 1995); *Bedford v. Pueblo Supermarkets of St. Thomas, Inc.*, 18 V.I. 275, 277 (D.V.I. 1981). A court "must explain on the record the reasons for its decisions." *Rode v. Dellarciprete*, 892 F.2d 1177, 1187 (3d Cir. 1990).

Applying the standards outlined above, the Court finds that most of the fees requested by the Plaintiffs are reasonable. However, several items for which the Plaintiffs seek reimbursement are unreasonable.

For instance, some of the Plaintiffs seek reimbursement for conferences and communications between their own attorneys and legal staff. Such expenses are duplicative and are not to be included in an assessment of reasonable fees. *See Morcher v. Nash*, 32 F. Supp. 2d 239, 241 (D.V.I. 1998) ("Multiple lawyer conferences, not involving opposing counsel . . . involve duplicative work."); *Jo-Ann's Launder Ctr., Inc.*, 31 V.I. at 235 & n.8 (taking into consideration "[a]ny duplication of effort in the hours charged by plaintiff's counsel for meetings").

In addition to such duplicative work, the Plaintiffs seek

reimbursement for certain items that either appear to be unrelated to the contempt proceedings or are so vague that their relationship to the contempt proceedings is indeterminable. Such entries are unreasonable and thus are not compensable. *See*, *e.g.*, *Loughner v. University of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001) (noting that a fee award should be reduced where "the fee petition inadequately documents the hours claimed" (citation omitted)); *Powell v. SEPTA*, Civ. No. 05-6769, 2007 U.S. Dist. LEXIS 44758, at *19-20 (E.D. Pa. June 18, 2007) ("Plaintiff's counsel is improperly seeking to recover attorney's fees for matters unrelated to this litigation.").

The petitions that some of the Plaintiffs have submitted show that many of the conferences and communications among their counsel and staff, as well as the entries that are at least potentially unrelated to the contempt proceedings, are combined with otherwise compensable activities. Such entries "are vague and 'do not indicate the purpose for which the attorneys engaged in [the designated] activity.'" *Morcher*, 32 F. Supp. 2d at 242 (quoting *Good Timez v. Phoenix Fire & Marine Ins. Co.*, 754 F. Supp. 459, 463 n.6 (D.V.I. 1991) (criticizing overly general itemization that contained "many entries in which two or more different kinds of legal work were lumped together")).

Furthermore, the Plaintiffs request reimbursement for work

that was billed excessively. For instance, after the Government filed its Informative Notice on August 19, 2008, the Berne Plaintiffs, Equivest and the Francois Plaintiffs jointly filed a motion for an order to show cause on August 21, 2008. The motion spans approximately four pages, the bulk of which simply gives factual context. For their efforts in preparing that joint motion, the Berne Plaintiffs ask for $570, Equivest seeks $1,800, and the Francois Plaintiffs request $506, for a total of $2,876. On August 22, 2008, the Lindon Plaintiffs joined the motion by filing a notice that covers all of one paragraph. For reviewing the other plaintiffs' joint motion and filing that notice, the Lindon Plaintiffs ask for $187.50. This example is only one of several. The Court will reduce or exclude such entries in its assessment of reasonable fees. *See*, *e.g.*, *Gulfstream III Assocs., Inc.*, 995 F.2d at 422 (noting a "district court's power to reduce the fee award by excluding time as excessive . . . ."); *Equivest St. Thomas, Inc. v. Virgin Islands*, 46 V.I. 447, 454 (D.V.I. 2004) (reducing a fee award where there was some "duplication of effort").

In a similar vein, the Court notes that the same counsel represents the two Francois Plaintiffs. Two separate fee petitions, each in practically the same amount, have been submitted on behalf of each of the Francois Plaintiffs. That

approach stands in marked contrast to the practice adopted by counsel for the Berne Plaintiffs, who represents the lion's share of the Plaintiffs and nevertheless submitted only one fee petition on behalf of his sixteen clients for a combined amount that represents a mere sixty-four percent of the fees requested by the two Francois Plaintiffs.

For the foregoing reasons, it is hereby

**ORDERED** that the Government shall be liable to the Berne Plaintiffs for attorney's fees in the amount of $10,972.50; Equivest in the amount of $8,982.75; the Francois Plaintiffs in the amount of $6,750; and the Lindon Plaintiffs in the amount of $4,037.50.

S\_____
**CURTIS V. GÓMEZ**
**Chief Judge**