# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| Berne Corp. and B & B Corp., Twenty-One Queens ) | Civ. No. 2000-141 |
| Charter, Inc., Miller Properties, Inc., Equivest ) | Civ. No. 2000-167 |
| St. Thomas, Inc., Robert Schmidt, Kim Holdsworth, ) | Civ. No. 2001-151 |
| Robert Schmidt Development Corp., and Dori P. Derr ) | Civ. No. 2001-155 |
| The Cyril V. Francois Associates, LLC, Shell Seekers, ) | Civ. No. 2001-181 |
| Inc., Charles W. Convolve, Linda B. Consolvo, Snegle ) | Civ. No. 2001-196 |
| Gade Associates, LP, Charles W. Consolvo as Trustee ) | Civ. No. 2001-197 |
| of the Yvetee B. Lederberg Trust, Arthur B. Choate, ) | Civ. No. 2001-228 |
| Stewart Lovelund and Stacy Loveland, Elisabeth Sharp ) | Civ. No. 2002-057 |
| Lindon Corp., Gordon L. Coffelt, Soraya Diase Coffelt, ) | |
| and One Stop, Inc., ) | |

Plaintiffs,

v.

Government of the Virgin Islands, Roy Martin, in his official capacity as Tax Assessor, and the Board of Tax Review,

Defendants.

## MEMORANDUM AND ORDER

This matter is before the Court on the Defendants' Motion in *Limine*, Motion to Quash Notices of Deposition and Motion for Protective Order, the plaintiffs' opposition thereto, the special master's Memorandum of Law and the Plaintiffs' Response to the Special Master's Memorandum of Law.

## LIMITED RELEVANT FACTS

On July 10, 2009, Curtis v. Gómez, Chief Judge, entered an Order granting the parties until August 14, 2009, to conduct discovery on the defendants' motion to vacate the Court's May

12, 2003, decree and scheduling a hearing on the motion for Thursday, September 17, 2009. In accordance with the July 10, 2009, order, the Plaintiffs noticed the depositions of the special master, Joseph Hunt[1] for July 28, 2009 ("the special master") and of Mr. Robert Gloudemans ("Mr. Gloudemans"), plaintiffs' expert, for August 17, 2009. The defendants, in turn, filed a motion asking the Court to quash the notices of deposition and to preclude the testimony of the special master and Mr. Gloudemans at the September 17, 2009, hearing.[2]

In support of their motion, the defendants argue that the only issue to be addressed at the September 17, 2009, hearing is the determination of functionality of the Board of Tax Review and that the testimony of Mr. Gloudemans and the special master is unnecessary and irrelevant. The defendants further argue that "even if this Court had not already held that the functioning of the Board of Tax Review is the only issue remaining with respect to the May 12, 2003 Decree, deposing the Special Master would . . . [be] improper" because courts have refused to allow the deposition of special masters and that Robert Gloudemans should not be allowed "to rebut the Special Master's report as they [the parties] agreed that Special Master Hunt would be the

---

[1] By Order dated December 19, 2003, the Court granted the parties joint motion for dismissal and the Court retained jurisdiction as to the special master selected by the parties and to enforce the settlement agreement of the parties. On January 29, 2001, the Court ordered that the parties mutually agree upon a special master by February 15, 2001. On February 13, 2001, the parties filed a joint stipulation on the selection of a special master, selecting Joseph E. Hunt as the special master and on February 16, 2001, the Court approved the selection of Mr. Joseph E. Hunt as the special master.

[2] This Order only addresses quashing the notices of deposition. The determination of whether the Court will take testimony at the September 17, 2009, hearing from the special master and/or Mr. Gloudemans is a decision left to Chief Judge Gómez.

individual to issue the final determination on the credibility and reliability of the property valuation system." (Defendants' Motion in *Limine*, Motion to Quash Notices of Deposition and Motion for Protective Order, pages 3 and 4).

The plaintiffs counter that the factual assertions of the defendants are incorrect and that only "one single portion" of the May 12, 2003, Decree was vacated and that "all other parts of the Decree remain operative." In support of taking the special master's deposition, the plaintiffs set forth three arguments: first, that Rule 53 of the Federal Rules of Civil Procedure ("Rule 53") does not preclude the deposition of an individual who performs the duties as both special master and an expert witness; second, that the Government has already consented to the special master's testimony at the Rule 53 hearing; and, third, that there is no principle of law that precludes the special master from voluntarily testifying as to his work as the special master.[3]

In addressing the issue of whether the special master's notice of deposition should be quashed, the Court notes that a special master may be appointed to "address pretrial and posttrial matters that cannot be effectively addressed by an available district judge or magistrate judge of the district." Federal Rule of Civil Procedure 53(a)(1)(C). When a special master accepts an appointment by the court, the special master assumes the duties and obligations of a judicial officer. *In Re Gilbert*, 276 U.S. 6, 9 (1928). Further, with certain exceptions, special masters are subject to the Code of Conduct for United States Judges. (Federal Rules of Civil Procedure,

---

[3] As indicated above, this Order is limited to addressing the Plaintiffs' right to depose the special master. Accordingly, the Order will not address Plaintiffs' arguments in favor of allowing the special master's testimony at the September 17, 2009, hearing.

Rule 53, Advisory Notes, 2003 Amendments, subdivision (a)(2) and (3)). Overwhelming authority concludes that a judge may not be compelled to testify concerning the mental processes used in formulating official judgments or the reasons that motivated him in the performance of his official duties. *United States of America v. Roebuck*, 271 F. Supp.2d 712, 718 (D.V.I. 2003) (citations omitted). Although judicial officials do not enjoy immunity from subpoena and can be subjected to discovery requests, it is clear that such officials while performing their decision-making processes are not generally subjected to discovery. *McCoy v. Belmont*, 1999 U. S. Dist. LEXIS 21815, *5 (D.C. Conn. 1999) (citing, *Beam v. Department of the Air Force*, 169 F.R.D. 309, 310 (D. Md. 1996)). Only in the most extraordinary of cases, such as a strong showing of bad faith or improper behavior by a judge or a quasi-judicial officer or where circumstances were such to overcome the presumption of regularity as to the acts of the decision maker, may a judge be questioned as to matter within the scope of his adjudicative duties. *Roebuck* at 718.

Applying the above referenced principles, in its order dated January 29, 2001, the Court specifically ordered the parties "to mutually agree upon a special independent master" and by Order dated February 16, 2001, the Court approved the parties' selection of Mr. Hunt's as special master. Plaintiffs seek to depose the special master on the basis that he has acted "both as a Special Master and an expert" and identify Judge Moore's memorandum opinion in *Berne v. Virgin Islands*, 262 F. Supp. 2d. 540 (D.V. I. 2003) in support of this contention. Specifically, the plaintiffs content that the Judge's opinion "referenced Mr. Hunt's work and opinions more than that of any other expert who testified at the time of the trial." (Plaintiffs' Opposition to

Defendant's Motion in Limine, Motion to Quash Notices of Deposition and Motion for Protective Order, page 10). Assuming that plaintiffs' assertion is correct, that the special master's work and opinion were referenced "more than any other expert who testified at the time of the trial," it is very clear from the opinion that the Court regarded Mr. Hunt as the special master and he testified at the trial in that capacity. Plaintiffs have not set forth any instance of bad faith or improper conduct by the special master that would justify the Court allowing his deposition.

The Court finds no reasons to disallow the deposition of Mr. Gloudemans. The plaintiffs may depose Mr. Gloudemans if they determine that he has relevant and nonprivileged information that would assist the parties in preparation for the September 17, 2009, hearing.

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion to Quash the Notice of Deposition and Motion for Protective Order as to the special master, Joseph E. Hunt, is **GRANTED**; and it is further

**ORDERED** that Defendants' Motion to Quash the Notice of Deposition and Motion for Protective Order as to Mr. Robert Gloudemans is **DENIED**.

**DATED**: July 24, 2009         S\_____
                                 **GEOFFREY W. BARNARD**
                                 U. S. Magistrate Judge

**ATTEST:**
**WILFREDO F. MORALES**
Clerk of Court