DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

Berne Corp. and B & B Corp.,
Twenty-one Queens Quarter,
Inc., Miller Properties, Inc.,
Equivest St. Thomas, Inc.,
Robert Schmidt, Kim
Holdsworth, Robert Schmidt
Development Corp., and Dori P.
Derr, The Cyril V. Francois
Associates, LLC, Shell
Seekers, Inc., Charles W.
Consolvo, Linda B.
Consolvo, Snegle Gade
Associates LP, Charles W.
Consolvo as Trustee of the
Yvette B. Lederberg Trust,
Arthur B. Choate, Stewart
Loveland, and Stacy
Loveland, Elizabeth Sharp,
Lindon Corp., Gordon L.
Coffelt, Soraya Diase Coffelt,
and One Stop, Inc.,

        Plaintiff,

  v.

GOVERNMENT OF THE VIRGIN
ISLANDS, BERNADETTE WILLIAMS,
in her official capacity as
Tax Assessor, and the Board of
Tax Review,

        Defendants.

Civil Nos.  2000-141
            2000-167
            2001-151
            2001-155
            2001-181
            2001-196
            2001-197
            2001-228
            2002-057

**ATTORNEYS:**

**James M. Derr, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiffs Berne Corp., B & B Corp., Miller*
    *Properties, Inc., Robert Schmidt, Robert Schmidt*

    *Development Corp., Kim Holdsworth, Dori P. Derr, and Elizabeth Sharp.*


**Soraya Diase-Coffelt, Esq.**
St. Thomas, U.S.V.I.
  *For plaintiffs Lindon Corp., Gordon L. Coffelt*

**David A. Bornn, Esq.**
St. Thomas, U.S.V.I.
  *For plaintiffs The Cyril V. Francois Associates, LLC and Twenty-One Queen Quarter, Inc.*

**Carol Thomas-Jacobs, Esq.**
St. Thomas, U.S.V.I.
  *For the defendants.*


## MEMORANDUM OPINION & ORDER

**GÓMEZ, C.J.**

This matter is before the Court for a determination of an appropriate award of attorney's fees and costs for the various commercial property owners who are the plaintiffs in this matter (together, the "Plaintiffs").

## I. FACTS

On September 11, 2008 this Court issued an Order partially vacating a portion of its May 12, 2003 Decree in this matter, as well as an Order finding the Government of the Virgin Islands (the "Government") in contempt of the May 12, 2003 Decree.

The following day, the Government filed a notice of its appeal (the "September 12, 2008 appeal") to the Third Circuit of

the two Memorandum Opinions and Orders entered by this Court on September 11, 2008. On June 16, 2009, the United States Court of Appeals for the Third Circuit affirmed this Court's Orders.

Pursuant to 42 U.S.C. § 1988 ("section 1988"), the Plaintiffs sought reimbursement for attorneys' fees incurred in defending against the Government's appeal to the Third Circuit. On March 23, 2010, the Court issued a Memorandum Opinion & Order awarding the Plaintiffs attorneys' fees incurred in connection with the Third Circuit appeal. The Court stated that the Government had not filed an opposition or otherwise registered any objection to the Plaintiffs' motion for attorneys' fees. That was an oversight as the Government did file an opposition. As a result, the Court vacated its March 23, 2010 determination. The Court also determined that more information was needed in order to assess the fee petition. To that end, the Court ordered the parties to file any information relevant to the prevailing market rates in the community for the services plaintiffs' counsel rendered. The parties complied with that Order.

The Court now undertakes a renewed review of the Plaintiffs' fee request in light of all of the evidence on the record.

## II. DISCUSSION

42 U.S.C. § 1988 provides that in an action to "enforce a provision of section . . . 1983 . . ., the court, in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fees as part of the costs." 42 U.S.C. § 1988.

In making a fee determination "[t]he district court should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Pub. Interest Research Group of N.J., Inc. v. Windall,* 51 F.3d 1179, 1188 (3d Cir. 1995)(quoting *Hensley* v. *Eckerhart,* 461 U.S. 424, 433-34 (1983)). Following a reasonable time charged determination, the district court must evaluate whether the hourly rate sought is reasonable. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). Typically, a reasonable hourly rate is assessed in light of prevailing market rates in the relevant community. *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 179 (3d Cir. 2001). "The starting point in determining a reasonable hourly rate is the attorney's usual billing rate, but this is not dispositive." *Pub. Interest Group,* 51 F.3d at 1185. This amount, deemed the lodestar figure, serves

as a presumptively reasonable fee. *Pennsylvania v. Del. Valley Citizens' Counsel,* 478 U.S. 546, 565 (1986).

After a prevailing party has met its burden by providing evidence supporting its fee request, "the party opposing the fee award then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." *Rode,* 892 F.2d at 1183 (citing *Bell v. United Princeton Props. Inc.*, 884 F.2d 713 (3d Cir. 1988)).

### III. **ANALYSIS**

With respect to the fees incurred in connection with the September 12, 2008 appeal, the Berne Corp., B & B Corp., Miller Properties, Inc., Robert Schmidt, Robert Schmidt Development Corp., Kim Holdsworth, Dori P. Derr, Shell Seekers, Inc., Charles W. Consolvo, Linda B. Consolvo, Snegle Gade Associates, LP, Charles W. Consolvo as Trustee of the Yvette B. Lederberg Trust, Arthur B. Choate, Stewart Loveland, Stacy Loveland, and Elizabeth Sharp ("Berne Plaintiffs") requested $20,910.00 for 69.7 hours of work performed by counsel at a fee of $300.00 per hour. The Twenty-One Queens Quarters, Inc. Plaintiffs sought $22,283.41 for 163 hours of work performed by counsel and staff at various rates in connection with this appeal. The C.V. Francois Associates

Plaintiffs requested $21,769.75 for 156 hours of work billed at the various rates of counsel and staff who worked on this matter. The same counsel represents the Twenty-One Queens Quarters, Inc. Plaintiffs (the "Twenty-One Queens Quarters") and the C.V. Francois Associates Plaintiffs (the "Francois Plaintiffs") (collectively "the Francois Plaintiffs"). Two distinct fee petitions have been submitted on behalf of the Twenty-One Queens Quarter Plaintiffs and the Francois Plaintiffs for fees that were incurred by the same counsel performing the same work. As the Court has previously noted, such duplicative billing is unreasonable and will not be permitted. Lindon Corp. and Gordon L. Coffelt (the "Lindon Plaintiffs") sought $3,500 for 14 hours performed by counsel at a fee of $250.00 per hour.

The Court will first address the reasonable amount of time charged for the Plaintiffs' efforts on appeal. The Defendants challenge the information submitted by the Plaintiffs' attorneys as being so vague as to hinder meaningful review. A party seeking reimbursement pursuant to section 1988 must submit evidence supporting the fees requested. *Hensley*, 461 U.S. at 433. Moreover, the Supreme Court has advised that "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433.

Extensive documentation is not required in order for a party to provide a district court with sufficient information. Rather, "specificity should only be required to the extent necessary for the district court 'to determine if the hours claimed are unreasonable for the work performed.'" *Washington*, 89 F.3d at 1037 (quoting *Rode*, 892 F.2d at 1190).

> [A] fee petition should include some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations . . . . However it is not necessary to note the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney.

*Rode* v. *Dellarciprete*, 892 F.2d 1177, 1190 (3d Cir. 1990)(quoting *Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973)).

In *Tenafly v. Eruv Ass'n, Inc. v. Burough of Tenafly*, 195 Fed. Appx. 93 (3d Cir. 2006)(unpublished), the Third Circuit addressed whether an appellant's fee petition that listed such entries as "Attn to brief" and "Attn to reply" provided the requisite level of specificity. The Court reasoned that while greater specificity may have been favored, such entries were "sufficiently clear to allow us to know the tasks to which [the appellant's attorney] devoted his time." 195 Fed. Appx. at 100. Nevertheless, the *Tenafly* Court found that two entries describing the services of the appellant's attorney failed to pass muster.

The Third Circuit noted that an entry for "attn to papers" and an entry for "attn to status" failed to "provide any indication to what 'papers' or 'status' [the appellant's attorney] was attending." *Id.*

Here, two of Attorney Bornn's entries fail to provide enough detail for the Court's review. The entry "review and update on email re 3d Cir. Appeal; respond to other counsel" and the entry "Followup on dispatch of Brief; responding to inquiries" are analogous to the entries found to be deficient by the Third Circuit in *Tenafly*. Entries that fail to provide information about the subject of the action taken by an attorney will be excluded.

The Defendants also object to the lumping of multiple activities in some of the time entries submitted by the Francois and Berne Plaintiffs. Many of the time entries submitted by the those Plaintiffs' counsel detail more than one activity per entry.

In *Rode v. Dellarciprete*, 892 F.2d 1177 (3d Cir. 1990), the Third Circuit addressed a similar challenge by appellees' opposing the award of attorneys' fees related to entries that they asserted were improperly aggregated. The Court in *Rode* noted that "[a]lthough by aggregating hours appellants risked

reduction for excessiveness because the court may have assumed that more hours were spent on a task than were actually expended, appellants did not risk reduction for lack of specificity." As in *Rode*, the grouping of multiple activities in one entry does not in and of itself render the entries excludable. The determinative question for such aggregated entries is whether they represent excessive billing. As such, the Court will review such grouped entries to determine whether they were excessively billed.

The Court must "exclude from its initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434 (quoting S. Rep. No. 94-1011, p.6 (1976)). All of the Plaintiffs seek reimbursement for work that was billed excessively. For example, the Defendants filed a motion seeking expedited consideration of their appeal and a motion to stay this Court's contempt Order pending the appeal. The Plaintiffs filed a joint reply to the motion for an expedited appeal and a joint opposition to the Defendants' motion to stay. The Berne Plaintiffs seek $5820 for their efforts. The Twenty-One Queens Quarter Plaintiffs seek $2167 for research and discussions related to the motions. The Cyril V. Francois plaintiffs seek $1453 for work performed by Attorney Bornn identical to that for

which he billed the Twenty-One Queens Quarter Plaintiffs. The Lindon Plaintiffs seek $250 for the review of the Defendants' motions and conversations with co-counsel about oppositions to the motions. The reply to the motion for an expedited appeal consists of two pages in which the Plaintiffs essentially stated that they did not oppose an expedited appeal but found the Defendants' proposed briefing schedule problematic. The opposition to the motion to stay, though discussing legal authority regarding the issuance of a stay, largely involved a restatement of the facts of the case well-known to the Plaintiffs. Such instances of excessive billing will be reduced.

Additionally, fee reductions may be necessary when work is redundant. The Defendants object to the amount of time that the Plaintiffs' attorneys spent conferencing with each other. However, as the Defendants acknowledged some degree of conferencing was unavoidable because of the submission of one Appellees' brief by all of the Plaintiffs. Moreover, several courts have acknowledged that civil rights cases may especially require the engagement of multiple attorneys. *See, e.g.*, *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 195 Fed Appx. 93, 99 (3d Cir. 2006)(noting that approximately 140 hours spent on meetings and conference calls was not intrinsically unreasonable in light

of the complexity of the case and numerous parties involved); *Gay Officers Action League v. Puerto Rico*, 247 F. 3d 288, 297 (1st Cir. 2001) ("[C]ourts must be careful not to throw out the baby with the bath water. Given the complexity of modern litigation, the deployment of multiple attorneys is sometimes an eminently reasonable tactic.")  In light of the Plaintiffs' collaborative effort, the Plaintiffs' time entries failed to yield examples of patently needless conferencing between lead counsel for each Plaintiff.  The Court does, however, find excessive some of the intra-office conferences between the attorneys and staff representing the Francois Plaintiffs and will reduce or exclude entries associated with such conferences.

The Defendants argue that the Plaintiffs should not be reimbursed for motion practice related to the appeal because the Third Circuit granted the Government's motions to stay and for expedited appeal, denied the Plaintiffs' motion for clarification, and did not address the Plaintiffs' motion to strike.  The Defendants contend that because the Plaintiffs failed to prevail on any of these motions, they should not be awarded fees for work associated with such motions.

The Supreme Court has recognized that there may be grounds to reduce an award of attorney's fees if a prevailing plaintiff

was unsuccessful on unrelated claims. *See Hensley*, 461 U.S. 434. In such cases, "work on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.'" *Id.* (quoting *Davis v. County of Los Angeles* 8 EPD ¶ 9444 (C.D. Cal. 1974)). However, the Plaintiffs' work on motions for which the Court of Appeals for the Third Circuit did not rule in their favor, presents a wholly different circumstance. Indeed, the Plaintiffs' motion practice related to the appeal falls squarely within their efforts to defend against the Government's appeal.

Following the assessment of a reasonable amount of time billed, the Court must next evaluate the hourly rates requested by Plaintiffs' counsel. *See Rode*, 892 F.2d 1177. The Defendants challenge that some of the rates charged were excessive. They assert that the rate of $300 per hour charged by Attorney Derr, counsel for the Berne Plaintiffs, is excessive in comparison with the hourly rates of other Plaintiffs' counsel in this matter. Additionally, they object to the increase in the hourly rates of Attorney Bornn and Attorney Thorp, counsel for the Francois Plaintiffs. They challenge Bornn's increase from $230 for services performed in connection with contempt hearing before this Court in September 2008 to $ 285 for services performed during the appeal. They also challenge the increase in Attorney

Thorp's hourly rate from $140 to $170 for some of the tasks performed during the course of the appellate litigation.

The general approach is that a reasonable hourly rate is determined by the prevailing market rates in the community. *Blum v. Stevenson,* 465 U.S. 886, 895-96 n. 11 (1984); *Washington v. Philadelphia Cty. Ct. of Common Pleas,* 89 F.3d 1031, 1035, (3d Cir. 1996). "[T]he court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services of reasonably comparable skill, experience, and reputation." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

The plaintiff has the burden of establishing with sufficient evidence what is a reasonable market rate in light of the complexity of the legal services performed. *Smith,* 107 F.3d 225. "The starting point in determining a reasonable hourly rate is the attorneys' usual billing rate, but this is not dispositive." *Pub. Interest*, 51 F.3d at 1188 (citation omitted). Parties seeking reimbursement under section 1988 bear the burden of "produc[ing] satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and

reputation." *Blum v. Stenson*, 465 U.S. 886, 896 (1984).

Here, the Plaintiffs' attorneys' submitted affidavits stating their hourly rates but failed to submit evidence about the prevailing market rates for attorneys of a similar skill level pursuing civil rights actions in this market. The Defendants challenged the reasonableness of the rates offered. The Court allowed the parties leave to file any information they wished the Court to consider with respect to prevailing market rates in the community.

Both parties responded by citing to different attorneys' fees awards previously determined by this Court. The Plaintiffs also directed the Court to *Int'l Leasing & Rental Corp. v. Gann*, 2010 U.S. Dist. Lexis 28172 (D.V.I. 2010), *Banco Popular de Puerto Rico v. George*, Civ. No. 07-111 (D.V.I. 2008), and *Stern v. Seykota*, Civ. No. 02-134 (D.V.I. 2008). In those matters, the Court awarded $275, $263.50, and $250, respectively, to the prevailing parties' attorneys. The Defendants pointed to the fees awarded in *Int'l Leasing* as well as the $250 per hour awarded in *Ryan v. Ryan*, 2010 WL 1451341 (V.I. 2010).

The parties failed to draw concrete comparisons between the litigation and attorneys involved in the cases cited and the Plaintiffs' counsels' participation in this litigation. The

Berne Plaintiffs, however, note this Court's award of attorney's fees in connection with the contempt proceedings as presumptively establishing the reasonableness of their hourly rates requested here. Both parties also noted the Virgin Islands Supreme Court's pronouncement in *Judi's of St. Croix Car Rental v. Weston*, Civ. No. 2007-50, 2008 V.I. Supreme LEXIS 21 (V.I. Apr. 14, 2008), that "$300 per hour is at the high end of rates normally charged by Virgin Islands attorneys." The Court finds that the Plaintiffs' showing of comparable indicators of the "essential character and complexity of the legal services rendered," though imperfect, was sufficient to establish a prima facie showing of the reasonableness of the hourly rates they seek[1]. *Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001). The Government's proffer - one case in which a fee was awarded to an attorney who billed at $250 per hour - did not sufficiently establish that a

---

[1] The Court notes that Attorney Bornn and Attorney Thorp billed their work at two different hourly rates. These rates reflect an increase in each attorney's respective hourly rates during the course of their work of the appeal of this matter to the Third Circuit. The Third Circuit has stated that "[w]hen attorney's fees are awarded, the current market rate must be used. The current market rate is the rate at the time of the fee petition, not the rate at the time the services were performed." *Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001)(internal citation omitted). The Court will use Attorney Bornn and Thorp's hourly rates at the increased level when calculating reasonable fees with respect to their work for the purposes of the instant petition.

diminution in the hourly rates was appropriate.[2]

The Defendants further assert that the Berne Plaintiffs and the Francois Plaintiffs seek award of fees for the performance of administrative work, which should have been properly delegated and not billed at the attorneys' high hourly rates. The Third Circuit has noted its unwillingness to authorize compensation at the high rates associated with an attorney's professional services "when a lawyer spends time on tasks that are easily delegable to non-professional assistance." *Halderman v. Pennhurst State Sch. & Hosp.*, 49 F.3d 939, 942 (3d Cir. 1983). The Defendants assert that Attorneys Derr and Bornn failed to bill at a reduced rate or to appropriately delegate administrative tasks. The Defendants further contend that Derr seeks fees for administrative work, such as the compilation of documents. However, the Court has reviewed Attorney Derr's affidavit and found no such billing.

---

[2] The Court notes that the Third Circuit in *Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001), stated that "[i]f reasonable market rates are in dispute, a hearing must be conducted." *Lanni*, 259 F.3d 146, 149 (3d Cir. 2001). In a subsequent opinion, the Third Circuit counseled that whether a hearing is necessary should be evaluated under the standard articulated in *Blum v. Witco Chem. Corp.*, 829 F.2d 367, 377 (3d Cir. 1987). In *Witco*, the Third Circuit held that "[a] hearing must be held only where the court cannot fairly decide disputed questions of fact without it." *Witco,* 829 F.2d at 377. In light of the Court's Order inviting submissions from the parties on the appropriate market rate, and the information their submissions yielded, the Court concluded that a hearing was not necessary under these circumstance because the Court has sufficient information to "decide disputed questions of fact."

Additionally, the Defendants identify a number of entries for which they assert that counsel for the Francois Plaintiffs, Attorneys Bornn, Norman, Johnson, and Thorp charged their usual rates for the performance of clerical tasks. Attorney Norman billed 2.15 hours for "Attending to the preparation of the Docket Binder for Oral Argument. Conference with DAB re: points of oral argument." Attorney Johnson billed .8 hours for "Attending to the dispatch of Original Signature pages for alternative document production in Philadelphia." Attorney Thorp billed .3 hours for "Prepar[ing] transcripts for review; dispatch[ing] copies of transcripts to litigation team." The Court finds reduction of these and other like entries appropriate, and will reduce the time charged for such entries. *See Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 195 Fed. Appx. 93, 101 (3d Cir. 2006)(reducing by two-thirds the amount of time an attorney could be reimbursed for time charged for performing administrative tasks such as an entry for "fax affidavit and correspondence").

The Defendants also assert that costs should be excluded from the Court's award of attorney's fees. They note that after affirming this Court's Orders, the Court of Appeals for the Third Circuit ordered that $315.20 be taxed against the Defendants. The Defendants argue that the award of such costs from the Third

Circuit bars any claim for costs associated with the appeal here. In support of their assertion the Defendants rely on *Yaron v. Twp. of Northhampton,* 963 F.2d 33, 37 (3d Cir. 1992).

In *Yaron*, the Third Circuit held that once the appellate court "has entertained an application for attorney's fees, a district court may not." 963 F.2d at 37. However, the Plaintiffs improperly equate the Third Circuit's award of costs taxable on appeal with a determination of attorney's fees pursuant to section 1988. As this Court has previously noted, "[t]he lost logic in the government's argument . . . is that [the Plaintiffs'] award from the Court of Appeals was rendered under Rule 39 of the Federal Rules of Appellate Procedure and *not* pursuant to section 1988." *Equivest v. Gov't of the V.I.*, 2004 WL 3037953, at * 6 (D.V.I. 2004). There has been no previous determination about prevailing party attorney's fees under section 1988. As such, no prior determination precludes this Court's consideration of the Plaintiffs' claim here.

The Defendants also argue that the photocopying, binding, federal express, facsimile, and travel costs associated with the appeal are non-reimbursable fees. However, "[t]he authority granted in § 1988 to award a 'reasonable attorneys' fee includes the authority to award 'reasonable out-of-pocket expenses . . .

normally charged to a fee-paying client, in the course of providing legal services.'" *Planned Parenthood of Cent. N.J. v. Attoreny Gen. of the State of N.J.,* 297 F.3d 253, 267 (3d Cir. 2002)(quoting *Associated Builders & Contractors of La., Inc. v. The Orleans Parish Sch. Bd.*, 919 F.2d 374, 380 (5th Cir. 1990)). Specifically, reasonable photocopying and travel costs have been deemed reimbursable under section 1988[3]. *See, e.g., West Va. Univ. Hosps., Inc. V. Casey*, 898 F.2d 357, 366 (3d Cir. 1990)("Photocopying, like long distance calls . . . is part of the reasonable attorneys' fee allowed by the Civil Rights Attorneys' Fee Award Act."); *Sigley v. Kuhn*, 2000 WL 145187, at *9 (6th Cir. 2000)(unpublished)("Reasonable photocopying, paralegal expenses, and travel and telephone costs are . . . recoverable pursuant to the statutory authority of section 1988.").

The Twenty-One Queens Quarter Plaintiffs seek reimbursement for the costs related to the swearing in of Attorney Thorp to the Third Circuit as well as his application for admission to the

---

[3] In arguing that expenses such as travel and photocopying costs are non-reimbursable, the Defendants refer to *Good Timez v. Phoenix Fire & Marine Ins. Co.*, 754 F. Supp. 459 (D.V.I. 1991), *Wenner v. Gov't of the V.I.,* 1993 WL 661182 (D.V.I. 1993), and *Monoson v. United States*, 2008 WL 2064631 (D.V.I. 2008). Those cases discuss the reimbursement of attorney's fees sought pursuant to 5 V.I.C. § 541 but fail to address the award of fees pursuant to section 1988, and thus do not provide compelling authority for the Court's determination of appropriate costs here.

Third Circuit and this Court. Thorp's ability to argue before both courts benefits his general qualifications as a lawyer. As such, the Court does not find that such costs should be appropriately billed to only this case and will exclude those entries. *Cf. Planned Parenthood*, 297 F.3d at 269 (3d Cir. 2002)(excluding time billed for observing the Court in which argument would be made because "it is the kind of thing that should be part of the lawyer's general experience, not charged to a specific case").

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Government shall be liable to the Berne Plaintiffs for attorney's fees in the amount of $15,387; the Twenty One Queens Quarter, Inc. Plaintiffs and the C.V. Francois Associates Plaintiffs jointly in the amount of $8,850; the Lindon Plaintiffs in the amount of $1,625; and liable to the Plaintiffs collectively in the amount of $5,628.20 for the services of a law firm in Philadelphia to finalize preparation, printing and delivery of the Brief and Supplemental Appendix to the Court due to extended power outages.